IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 6, 2007

## CARLOS SOMMERVILLE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 02-07874     Carolyn Wade Blackett, Judge**

_____

**No. W2006-01211-CCA-R3-PC  - Filed June 4, 2007**

_____

The petitioner, Carlos Sommerville, was convicted of  first degree felony murder, second degree murder, and attempted first degree murder.  The murders were merged, and the petitioner is serving an effective life sentence.  The petitioner appeals from the trial court's summary dismissal of his post-conviction petition.  He contends his petition contained an allegation of ineffective assistance of trial counsel, which should have protected the petition from summary dismissal.  After review, we conclude the post-conviction court improperly summarily dismissed the petition because it did state a basis to support the petitioner's claim of ineffective assistance of counsel.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Carlos Sommerville, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Brian Clay Johnson, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paul F. Goodman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner was convicted of attempted first degree murder of Ricky Martin-Dodson and first degree felony murder of Marcus Crawford, stemming from the shooting of Crawford, while the petitioner was shooting at the intended victim, Martin-Dodson.  Testimony at trial revealed that the petitioner shot Crawford in the head while he was firing upon Martin-Dodson.  Crawford survived for five months after sustaining the gunshot wound.  The medical examiner testified that Crawford died from complications from the gunshot wound to the head.  Crawford underwent two procedures

prior to his death to remove parts of his skull and brain; yet, the bullet was not removed from his body until the autopsy.

The petitioner's convictions and sentences were affirmed on appeal by a panel of this court. See State v. Carlos Sommerville, No. W2004-01083-CCA-R3-CD, 2005 Tenn. Crim. App. LEXIS 301, at *2 (Tenn. Crim. App. at Jackson, March 30, 2005).

Analysis

As part of the petition for post-conviction relief, the petitioner must include allegations of fact to support each claim for relief set forth in his petition and must explain why each ground for relief was not presented in any earlier proceeding. See T.C.A. § 40-30-104(e). The petition must be clear and must contain a specific statement of all grounds upon which relief is sought, including a full disclosure of the factual bases of those grounds. Bare allegations that constitutional rights have been violated and mere conclusions of law are not sufficient to warrant further proceedings. The failure to state a factual basis for the grounds alleged shall result in dismissal of the petition. T.C.A. § 40-30-106(d). The trial judge has the discretion to allow the petitioner to file an amended petition that complies with the requirements of the statute, but the judge is not required to allow the amended petition. Id.

The State argues that the petitioner has not adequately supported his contention that he complied with the statutory requirements for obtaining post-conviction relief. We disagree. The petitioner is arguing that counsel was ineffective for failing to present evidence that the victim died from intervening medical complications instead of a gunshot wound to the head. The petitioner alleges that there is evidence in the record to support the possibility of an intervening cause of death and sets forth a colorable claim and sufficient facts to allow for further post-conviction proceedings. He argues that the jury should have been instructed that the victim's death was the result of grossly negligent and unskillful treatment.

The petitioner properly raised the deficiency of counsel relating to counsel's handling of a potential intervening cause of death. The petition asserts that counsel failed to investigate the medical treatment of the victim after he was shot but prior to his death. The petitioner alludes to several potential pieces of evidence that indicate an intervening cause of death which he argues counsel should have further investigated. This includes testimony that the immediate cause of the victim's death was a complication from the formation of a blood clot, the victim's medical history of blood clots, and the absence of any testimony that the victim was properly treated for blood clots.

The petitioner also alleged that counsel was ineffective for improperly asserting self-defense as an affirmative offense. Specifically he states that the victim was not the person against whom he was defending himself and that self-defense was not an appropriate defense theory.

The petitioner has complied with the requirements of the Post-Conviction Procedure Act by specifying his grounds for relief and presenting appropriate supporting facts. Therefore, we conclude

that the trial court erred in dismissing the petition without the appointment of counsel and further proceedings as specified under the Act.

<u>Conclusion</u>

Based on the foregoing and the record as a whole, we reverse the judgment of the post-conviction court and remand for further proceedings in compliance with this opinion.

_____
JOHN EVERETT WILLIAMS, JUDGE